Phillip A. LEONARD, Appellant–
Plaintiff,

v.

OLD NATIONAL BANK CORPORA-
TION, Appellee–Defendant.

No. 89A04–0504–CV–205.

Court of Appeals of Indiana.

Nov. 21, 2005.

James H. Hanson, Scopelitis, Garvin, Light & Hanson, Indianapolis, IN, Attorneys for Appellant.

Holly Ziemer, Old National Bancorp Counsel, Evansville, IN, Attorney for Appellee.

## OPINION

BAKER, Judge.

Appellant-plaintiff Phillip A. Leonard appeals the trial court's judgment in favor of appellee-defendant Old National Bank Corporation, f/k/a People's Loan & Trust Bank (Bank). Specifically, Leonard asserts that the trial court erred in finding that the Bank did not intend to cancel a debt for which Leonard was a guarantor. Finding that it was not clearly erroneous for the court to determine that Form 1099–C, as an informational filing, did not operate to cancel the debt, we affirm the judgment of the trial court.

### FACTS

In 1994, Leonard was a fifty percent owner of Tile & Mastic, Inc., an Indiana corporation. Leonard's brother Steve owned the other fifty percent of the business. The Bank provided Tile & Mastic with a line of credit in 1992, and Leonard and Steve personally guaranteed the Tile & Mastic loan to the Bank. The loan was renewed on April 20, 1994, and Leonard renewed his personal guaranty. On September 22, 1994, Leonard sold his fifty percent share of Tile & Mastic to Steve, and in December 1994, Tile & Mastic filed for bankruptcy and defaulted on the Bank's loan. Tile & Mastic's bankruptcy was dismissed rather than discharged on April 12, 1995, after its assets were sold to a third party and it ceased doing business.

In January 1996, the Bank issued IRS Form 1099–C, Cancellation of Debt, regarding Tile & Mastic's uncollected loan balance. Judy Scholl, the Bank's Loan Operations Supervisor at that time, issued Form 1099–C as a result of Tile & Mastic's bankruptcy proceedings. The 1099–C listed April 12, 1995—the date on which bankruptcy was dismissed—in the box entitled "Date canceled." Appellant's App. p. 15.

In April 1997, Leonard received a notice from a collection agency concerning his guaranty obligation on the Tile & Mastic debt. Leonard contacted Philip Hirschfeld, Executive Vice President of the Bank, concerning the notice. On May 30, 1997, Leonard met with Hirschfeld, and the two entered into a Repayment Agreement (Agreement), wherein Leonard was to pay $17,000 to the Bank in exchange for the Bank releasing Leonard from his obligation as a guarantor. After paying the

$17,000 in full, Leonard discovered the January 1996 Form 1099–C.

On September 17, 1998, Leonard filed his complaint against the Bank, alleging material misrepresentation and failure of consideration. The bench trial was held on September 15, 2004. On February 16, 2005, the trial court issued its judgment in favor of the Bank, finding that Leonard had not sustained his burden of proof regarding material misrepresentation and failure of consideration and that he had not presented sufficient evidence to support a claim of mutual mistake of fact. Leonard now appeals.

## DISCUSSION AND DECISION

Leonard contends that the trial court erred in granting judgment to the Bank. Specifically, his argument is that the issuance of Form 1099–C rendered the Tile & Mastic debt uncollectible; thus, the trial court should not have examined the Bank's intent in issuing the 1099–C because the Agreement was executed under a mutual mistake of fact and without consideration.

The trial court issued a sua sponte memorandum that contained specific findings of fact and conclusions of law after a bench trial. Thus, we review the judgment under Trial Rule 52(A), and we will not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. A judgment is clearly erroneous when there is no evidence supporting the findings or the findings fail to support the judgment and when the trial court applies the wrong legal standard to properly-found facts. While findings of fact are reviewed under the clearly erroneous standard, appellate courts do not defer to conclusions of law, which are reviewed de novo. *Fraley v. Minger*, 829 N.E.2d 476, 482 (Ind.2005).

Leonard initially argues that the filing of Form 1099–C canceled the Tile & Mastic debt by operation of law, so it was therefore improper for the trial court to reach the question of the Bank's intent in filing that document. Federal law requires every financial institution to send a copy of Form 1099–C to a debtor and to the IRS when discharging, in whole or in part, the indebtedness of any person. 26 U.S.C. § 6050P. The instructions published by the Internal Revenue Service for filing Form 1099–C state that the form must be filed after an "identifiable event," which "includes, but is not limited to," a discharge of debt in bankruptcy, an agreement between the creditor and debtor, and a cancellation or extinguishment of the debt by operation of law that makes the debt unenforceable. Appellant's App. p. 19. Form 1099–C instructs the debtor that the debtor must report the cancellation of the debt on its income tax returns.

The trial court found that the Bank did not cancel the debt by virtue of filing Form 1099–C. Instead, the trial court found that "the bank's intention was to file an informational filing with the IRS in accordance with its rules and regulations as a result of the bankruptcy." Appellant's App. p. 8. Robert L. Morris, a certified public accountant, testified for the Bank concerning the 1995 requirements for issuing Form 1099–C. Morris testified that Form 1099–C is an "informational filing." Tr. p. 29. To be sure, 26 U.S.C. § 6050P is found under the heading of *Part III. Information Returns*. Morris further testified that the 1099–C does not cancel the debt in and of itself. Instead, it is "a clerical type filing to meet the requirements of the IRS ... It's an informational thing after the fact [of an identifiable event]." Tr. p. 31–32. Therefore, it was proper for the trial court to reach the issue of the Bank's intent in issuing Form

1099–C because there was sufficient evidence to support a finding that Form 1099–C did not cancel the Tile & Mastic debt in and of itself.

Leonard points out that the filing of bankruptcy is not a listed identifiable event, although the discharge of debt in bankruptcy is. The debt in this case was not discharged in bankruptcy because the case was dismissed. Although discharge in bankruptcy is a listed identifiable event, the list of identifiable events is not exhaustive. Furthermore, Scholl testified that she issued Form 1099–C as a result of Tile & Mastic's bankruptcy proceedings. Tr. p. 55. As such, it is reasonable to conclude, as the trial court did, that "the bank was simply trying to follow IRS Instructions regarding Form 1099–C[,] which were ambiguous at best." Appellant's App. p. 7. We cannot say that it was clearly erroneous for the trial court to conclude that the Bank did not intend to cancel the debt by virtue of filing Form 1099–C. Because the Bank did not cancel the debt by virtue of filing Form 1099–C, the trial court did not err in entering its judgment in favor of the Bank.[1]

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.

---

[1]. We note that the Bank argues that Leonard did not raise the theory of mutual mistake of fact until his closing argument in the trial court. Leonard contends that the mutual mistake was that the Bank had previously canceled the debt but still required him to repay it as the guarantor. We do not need to resolve this issue because we have determined that Form 1099–C did not cancel the Tile & Mastic debt.